UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| LORENZO ARTEAGA, | ) | 1:07-CV-01581 OWW GSA HC |
| Petitioner, | ) ) | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF ERROR CORAM NOBIS |
| v. | ) ) | |
| DANIEL E. LUNGREN, et al., | ) ) | |
| Respondents. | ) ) | |

    Petitioner is a state prisoner proceeding pro se with a petition for writ of error coram nobis. This action has been referred to this Court pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72-302.

    On October 26, 2007, Petitioner filed the instant petition in this Court. The petition is for the most part unintelligible. However, it appears that Petitioner seeks coram nobis relief, since in the case caption, Petitioner calls this petition a "Petition for Writ of Error Coram Nobis to comply with the Supreme Court's published & unpublished decisions to produce the available rules . . . ."

**DISCUSSION**

    Coram nobis is an extraordinary writ that is usually available only to petitioners who have fully served their sentences. See United States v. Monreal, 301 F.3d 1127, 1131, 1132 (9th Cir. 2002); Telink, Inc. v. United States, 24 F.3d 42, 45 (9th Cir.1994). "The United States Supreme

Court has held that district courts have the power to issue the writ under the All Writs Act, 28 U.S.C. § 1651(a)." <u>Matus-Leva v. United States</u>, 287 F.3d 758, 760 (9th Cir.2002) (citing <u>United States v. Morgan</u>, 346 U.S. 502, 506-07, 74 S.Ct. 247 (1954)). To warrant coram nobis relief, the petitioner must establish that: (1) a more usual remedy is not available; (2) valid reasons exist for not attacking the conviction earlier; (3) adverse consequences exist from the conviction sufficient to satisfy the case or controversy requirement of Article III; and (4) the error is of a fundamental character. <u>See</u> <u>Monreal</u>, 301 F.3d at 1132, <u>Matus-Leva</u>, 287 F.3d at 760.

Although this Court has the inherent power to issue the writ, such a remedy is only available to challenge *federal* convictions. <u>Yasui v. United States</u>, 772 F.2d 1496, 1498 (9th Cir. 2002 1985). As the Ninth Circuit explained:

> The writ of error coram nobis fills a void in the availability of post-conviction remedies in federal criminal cases. A convicted defendant who is in federal custody and claims that his sentence "was imposed in violation of the Constitution or laws of the United States ... or is otherwise subject to collateral attack" may move to have his sentence vacated, set aside, or corrected under 28 U.S.C. § 2255. But a defendant who has served his sentence and been released from custody has no statutory avenue to relief from the lingering collateral consequences of an unconstitutional or unlawful conviction based on errors of fact.

<u>Yasui</u>, 772 F.2d at 1498.

Here, Petitioner appears to challenge his state conviction and the various state and federal decisions made regarding the conviction. Accordingly, coram nobis is not an available remedy, and the petition must be dismissed.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that the petition for writ of habeas corpus be SUMMARILY DISMISSED.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and

1  filed within ten (10) court days (plus three days if served by mail) after service of the objections.
2  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The
3  parties are advised that failure to file objections within the specified time may waive the right to
4  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).
5      IT IS SO ORDERED.
6      Dated:   November 5, 2007                    /s/ Gary S. Austin
                                                UNITED STATES MAGISTRATE JUDGE